IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEVON NEWTON, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 25-915-KSM |
| : | |
| FAMILY COURT OF : | |
| PHILADELPHIA, *et al.*, : | |
|     Defendants. : | |

<u>MEMORANDUM</u>

Marston, J.                                                                                                                  April 2, 2025

       Pro se Plaintiff Devon Newton brings this civil action against the Commonwealth of Pennsylvania and several Commonwealth agencies, judges, and facilities.[1] (*See* Doc. No. 2.) Newton also seeks leave to proceed *in forma pauperis*. (Doc. No. 1.) For the following reasons, the Court will grant Newton's application to proceed *in forma pauperis* and dismiss his Complaint with prejudice.

**I.    FACTUAL ALLEGATIONS**[2]

       Newton's allegations are not the model of clarity. As best the Court can discern, he asserts that on January 5, 2022, in a court proceeding at the Family Division of the Philadelphia Court of Common Pleas, his "son and baby was divided away from [him]." (Doc. No. 2 at 3.)

---

      [1] The judicial Defendants listed in the Complaint are: (1) the Family Court of Philadelphia Domestic Relations Division, (2) Judge Margaret Theresa Murphy, (3) the Court of Common Pleas of Philadelphia, (4) the CJC Kidd Stout Center Courthouse, (5) "District Attorney/Judges," and (6) "C/O Order Establishment Unit." (Doc. No. 2 at 1–2.)

      [2] The factual allegations set forth in this Memorandum are taken from the Complaint (Doc. No. 2), which consists of the Court's preprinted form available for prisoners to file civil rights claims as well as handwritten pages. The Court adopts the sequential pagination supplied by the CM/ECF docketing system to the entire submission. Punctuation, spelling, and capitalization errors in the Complaint have been cleaned up.

Newton also asserts that on March 18, 2022, the Commonwealth charged him with unspecified offenses "under the name Devon Devon[,] putting [his] life in double jeopardy." (*Id*. at 4.)

Attached to Newton's form Complaint is a handwritten "Motion to QuashDruple: on the Grounds of Double Double Jeopardy," which includes arguments that are seemingly unrelated to the factual allegations in the Complaint. There, he appears to assert claims of prosecutorial misconduct against an unspecified prosecutor and alleges a Fourth Amendment claim based on an August 9, 2022 strip search.[3] (*Id*. at 6–8.) As relief, Newton asks the Court to "put the Courthouses in Pennsylvania, Puerto Rico, and New Jersey in foreclosure," "abolish the Family Courthouse Domestic Relationship Division," and award him $60 million in damages. (*Id*. at 4.)

## II.   MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Because Newton is unable to pay the filing fee in this matter, the Court grants him leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a) (stating that the Court may authorize the commencement of a lawsuit "without prepayment of fees or security" upon a showing that a litigant is "unable to pay such fees or give security therefor").

## III.   SCREENING UNDER § 1915(E)

Because the Court grants Newton leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state "a claim on which relief may be granted." *See id.* ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—the action or appeal fails to state a claim on which relief may be granted.").

---

[3] Newton attached the same motion to the complaint in another case currently pending before this Court, *Newton v. Certified Emergency Response Team*, Civil Action No. 25-261, Doc. No. 2.

### A. Legal Standard

In analyzing a complaint under § 1915(e)(2)(B)(ii), the Court uses the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). So, the Court must determine whether Newton's Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). Conclusory allegations do not suffice. *Id.* However, because Newton is proceeding pro se, the Court liberally construes the allegations in his Complaint. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established.").

### B. Analysis

The exact nature of Newton's claims is unclear. Because he names governmental officials and entities and appears to allege his civil rights were violated, the Court interprets his Complaint as asserting constitutional violations. The vehicle by which federal constitutional claims may be brought against state actors in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law."). The Court addresses Newton's claims against the various Defendants in turn.

#### 1. Claims Against the Commonwealth and Its Entities

First, Newton names as Defendants the Commonwealth of Pennsylvania and the Court of Common Pleas of Philadelphia. (Doc. No. 2 at 1–2.) He also identifies the "Family Court of

3

Philadelphia," which is a subdivision of the Court of Common Pleas; the Domestic Relations Division, which is a branch of the Family Court; and the Order Establishment Unit, which is a department within the Domestic Relations Branch. (*See id.*); *see also* https://www.courts.phila.gov/common-pleas/family/dr/ (last visited Mar. 19, 2025).

The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). The Court of Common Pleas, including its various subdivisions, is part of Pennsylvania's unified judicial system and shares in the Commonwealth's Eleventh Amendment immunity. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). As the Commonwealth has not waived its Eleventh Amendment immunity, and because states are not "persons" as that term is used in § 1983, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989), Newton's claims for monetary damages against the Commonwealth and its entities are dismissed.

Newton also seeks non-monetary relief in the form of an order to "put the Court houses in Pennsylvania, New Jersey, and Puerto Rico in foreclosure" and "abolish the Family Court house Domestic Relationship Division." (Doc. No. 2 at 4.) The Court knows of no legal basis for granting such relief under § 1983. To the extent Newton seeks this relief as a means of invalidating his criminal and domestic cases in those courts, the Court cannot grant such relief. *See, e.g.*, *Glavin v. Pennsylvania*, 2024 WL 4338660, at *2 (E.D. Pa. Sept. 27, 2024) ("Glavin seeks injunctive relief in the form of an order terminating her supervised probation . . . and the expungement of her convictions. . . . This is not the type of relief that can be granted on a § 1983 claim."). Accordingly, his claims against the Commonwealth entities are also dismissed with prejudice to the extent he seeks injunctive relief.

      **2.**      <u>**Claims Against the Stout Criminal Justice Center**</u>

Next, Newton names "CJC Kidd Stout Center Courthouse" as a Defendant. (Doc. No. 2 at 1.) The Juanita Kidd Stout Center for Criminal Justice, formerly known as the Criminal Justice Center or "CJC," is the name of the main courthouse where the Criminal Section of the Philadelphia Court of Common Pleas sits. *See* https://www.courts.phila.gov/common-pleas/trial/criminal/ (last visited Mar. 19, 2025). It is well-established that federal civil rights claims against a courthouse are not cognizable under § 1983, which permits suit only against a "person." *See Elansari v. United States*, No. 15-01461, 2016 WL 4415012, at *5 n.9 (M.D. Pa. July 11, 2016); *Devenshire v. Kwidis*, No. 15-1026, 2016 WL 4032881, at *3 (W.D. Pa. June 28, 2016); *Robinson v. Mercer Cnty. Courthouse*, No. 12-4114, 2012 WL 4662967, at *3 (D.N.J. Oct. 1, 2012); *Bucano v. Sibum*, No. 12-0606, 2012 WL 2395553, at *11 (M.D. Pa. Apr. 23, 2012); *Brinton v. Del. Cnty. Adult Paroles/Probation Dep't*, No. 88-3656, 1988 WL 99681, at *1 (E.D. Pa. Sept. 22, 1988). Accordingly, Newton's claims against this entity are dismissed with prejudice.

      **3.**      <u>**Claims Against Judge Murphy**</u>

Newton also sues Judge Margaret Theresa Murphy. (Doc. No. 2 at 2.) To the extent discernable, Newton's claims are based on Judge Murphy's actions in adjudicating Newton's family court matter. (*See id.* at 3 (identifying the "Family Court of Philadelphia" as the location where the events giving rise to his claims occurred, and claiming he was wrongfully "divided" from his "son and baby").) Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012); *Azubuko v. Royal*, 443 F.3d 302, 303–04 (3d Cir. 2006). An act is taken in a judge's judicial capacity if it is "a function normally

performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). And, generally, so long as the "court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Figueroa v. Blackburn*, 208 F.3d 435, 443–44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Because Newton's claim against Judge Murphy is based on actions she took in her judicial capacity, it is not plausible and is dismissed with prejudice.[4]

### 4. Claims Against "District Attorney"

Last, Newton names the "District Attorney" as a Defendant. (Doc. No. 2 at 1.) But he does not specify which District Attorney, nor does he assert facts articulating a claim against a specific prosecutor. (*See generally id.*) And even if Newton had developed this claim, prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). Thus, to the extent Newton attempted to assert a claim against a "District Attorney" based on actions taken during his criminal prosecution, the claim is dismissed with prejudice.

## IV. CONCLUSION

For the reasons stated, the Court dismisses Newton's Complaint for failure to state a claim pursuant to 28 U.S.C. 1915A(b)(2). The dismissal is with prejudice because the noted deficiencies are not curable. An appropriate Order follows.

---

[4] In a separate portion of the Complaint, Newton uses the term "Judges" in the plural but does not allude to any other judge. (*See* Doc. No. 2 at 1.) To the extent he sought to raise a claim against any other judge, the claim is dismissed as undeveloped.